UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH A. THOMAS MD, LLC, a Connecticut limited liability company, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> BARIATRIX NUTRITION, CORP., a Vermont corporation, <br><br>               Defendant. | Civil Action No.  3:17-cv-00136 |

## ANSWER TO CLASS ACTION COMPLAINT

## AND DEMAND FOR JURY TRIAL

Defendant Bariatrix Nutrition, Corp. ("Bariatrix"), by and through its attorneys, hereby answers the allegation set forth in Plaintiff Kenneth Thomas' ("Plaintiff") Class Action Complaint ("Complaint"), as numbered herein, and asserts affirmative defenses as follows:

## ANSWER

In responding to the Complaint, Bariatrix denies all allegations contained therein unless specifically admitted below.

## NATURE OF THE ACTION

1.       Bariatrix admits the allegations contained in paragraph 1 of the Complaint.

2.       The allegations contained in paragraph 2 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 2 of the Complaint.

3.       The allegations contained in Paragraph 3 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 3 of the Complaint.

4.       Bariatrix denies that it violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), or that it is liable to Plaintiff for any such claim or has harmed

1

Plaintiff and/or any class of persons in any way and denies all remaining allegations contained in paragraph 4 of the Complaint.

5.      The allegations contained in paragraph 5 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 5 of the Complaint.

**PARTIES**

6.      Bariatrix lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, denies the allegations contained in paragraph 6 of the Complaint.

7.      Bariatrix admits the allegations contained in paragraph 7 of the Complaint.

**JURISDICTION AND VENUE**

8.      Bariatrix admits the allegations contained in paragraph 8 of the Complaint.

9.      Bariatrix lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 and, on that basis, denies these allegations.

10.     Bariatrix admits the allegations contained in paragraph 10 of the Complaint.

**COMMON FACTUAL ALLEGATIONS**

11.     Bariatrix admits the allegations contained in paragraph 11 of the Complaint.

12.     The allegations contained in paragraph 12 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 12 of the Complaint.

13.     The allegations contained in paragraph 13 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 13 of the Complaint.

14.     The allegations contained in paragraph 14 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 14 of the Complaint.

15.     The allegations contained in paragraph 15 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 15 of the Complaint.

16.     The allegations contained in paragraph 16 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 16 of the Complaint.

### FACTS SPECIFIC TO PLAINTIFF KENNETH A. THOMAS MD, LLC

17.     Bariatrix lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, denies the allegations contained in paragraph 17 of the Complaint.

18.     The allegations contained in paragraph 18 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 18 of the Complaint.

19.     The allegations contained in paragraph 19 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 19 of the Complaint.

20.     The allegations contained in paragraph 20 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 20 of the Complaint.

21.     The allegations contained in paragraph 21 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 21 of the Complaint.

### CLASS ALLEGATIONS

22.     Bariatrix makes no answer to the allegations of paragraph 22 and its subparts to the extent that they are conclusions of law.  Bariatrix denies that Plaintiff's case is entitled to class treatment and denies that these class action allegations and proposed definitions have any legal merit.

23.     Bariatrix makes no answer to the allegations of paragraph 23 to the extent that they are conclusions of law.  Bariatrix denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

24.     Bariatrix makes no answer to the allegations of paragraph 24 to the extent that they are conclusions of law.  Bariatrix denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

25.     Bariatrix makes no answer to the allegations of paragraph 25 and its subparts to the extent that they are conclusions of law.  Bariatrix denies that Plaintiff's case is entitled to class treatment and denies these class action allegations and proposed definitions have any legal merit.

26.     Bariatrix makes no answer to the allegations of paragraph 26 to the extent that they are conclusions of law.  Bariatrix denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

27.     Bariatrix makes no answer to the allegations of paragraph 27 to the extent that they are conclusions of law.  Bariatrix denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

28.     Bariatrix makes no answer to the allegations of paragraph 28 to the extent that they are conclusions of law.  Bariatrix denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

### FIRST CAUSE OF ACTION

### Violation of 47 U.S.C. §227

### (On Behalf of Plaintiff and the No Consent Class)

29.     Paragraph 29 incorporates preceding paragraphs of the Complaint, and no response is required.

30.     The allegations contained in paragraph 30 are legal conclusions to which no response is required.

31.     The allegations contained in paragraph 31 are legal conclusions to which no response is required.

32.     The allegations contained in paragraph 32 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 32 of the Complaint.

33.     The allegations contained in paragraph 33 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 33 of the Complaint.

34.     The allegations contained in paragraph 34 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 34 of the Complaint.

35.     The allegations contained in paragraph 35 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 35 of the Complaint.

36.     The allegations contained in paragraph 36 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 36 of the Complaint.

37.     The allegations contained in paragraph 37 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 37 of the Complaint.

## SECOND CAUSE OF ACTION

### Violation of 47 U.S.C. §227

### (On Behalf of Plaintiff and the Opt-Out Class)

38.     Paragraph 38 incorporates preceding paragraphs of the Complaint, and no response is required.

39.     The allegations contained in paragraph 39 are legal conclusions to which no response is required.

40.     The allegations contained in paragraph 40 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 40 of the Complaint.

41.     The allegations contained in paragraph 41 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 41 of the Complaint.

42.     The allegations contained in paragraph 42 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 42 of the Complaint.

43.     The allegations contained in paragraph 43 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 43 of the Complaint.

44.     The allegations contained in paragraph 44 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 44 of the Complaint.

45.      The allegations contained in paragraph 45 are legal conclusions to which no response is required.  To the extent a response is required, Bariatrix denies the allegations contained in paragraph 45 of the Complaint.

## AS TO PLAINTIFF'S PRAYER FOR RELIEF

Bariatrix denies that Plaintiff, or any member of the putative class, is entitled to any relief whatsoever, including, but not limited to, any judgment or decree that the present case may be properly maintained as a class action, any monetary damages, injunctive relief, pre-judgment interest, attorneys' fees, or costs.

## AFFIRMATIVE DEFENSES

Bariatrix, in the alternative, and without prejudice to the denials and other statements made in its Answer, states the following affirmative defenses.  By setting forth these affirmative defenses, Bariatrix does not assume the burden of proof as to any fact issue or other element of

any cause of action for which Plaintiff bears the burden of proof.  Moreover, Bariatrix reserves the right to rely upon additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Prior Express Consent)

The Complaint and each purported claim contained therein are barred to the extent that Plaintiff or any member of the putative class provided consent to receive the alleged fax messages.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Laches, Unclean Hands,

### Ratification, and Statute of Limitations)

The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, ratification, and/or applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

### (Plaintiff's Own Actions or Inaction)

Plaintiff's damages, and the damages of the putative class members, if any, have been caused by its own action or inaction.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff and the putative class members have failed to mitigate their damages.

## SIXTH AFFIRMATIVE DEFENSE

### (Unconstitutionally Vague and Overbroad)

Interpretations of the TCPA upon which Plaintiff's Complaint is based are unconstitutionally vague and overbroad and thus violate the Due Process Clause of the Fifth

Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth
Amendment to the United States Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Control)

Any purported damages to Plaintiff or the putative class members, which Bariatrix
denies, are the result of the acts or omissions of persons or entities over which Bariatrix has
neither control nor responsibility.

### EIGHTH AFFIRMATIVE DEFENSE

### (Defenses Specific to Class Members)

Bariatrix may have additional unique affirmative defenses applicable to different putative
members of Plaintiff's proposed class. Bariatrix reserves the right to assert such additional
affirmative defenses as the need arises, insofar as class certification has not been granted and is
not appropriate in this case.

### NINTH AFFIRMATIVE DEFENSE

### (Excessive Penalties)

The statutory penalties sought by Plaintiff and members of the putative class are
excessive and thus violate the Due Process Clause of the Fifth Amendment to the United States
Constitution, and the Due Process provision of the Fourteenth Amendment to the United States
Constitution.

### TENTH AFFIRMATIVE DEFENSE

### (Third Parties)

The matters that are the subject of this Complaint and the actions therein complained of
are attributable to third parties over whom Bariatrix had no control or right to control, and
recovery therefore is barred or limited.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Substantial Compliance with Law)

Bariatrix is not liable to Plaintiff or members of any putative class because Bariatrix acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## TWELFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Bariatrix reserves the right to supplement its Answer to assert any other defenses available to it under applicable law.

## PRAYER FOR RELIEF

WHEREFORE, having answered, Bariatrix respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice at Plaintiff's cost, award Bariatrix its attorneys' fees and costs, and grant such other relief as the Court deems appropriate under the circumstances.

Date:  April 6, 2017

Respectfully submitted,

BARIATRIX NUTRITION, CORP.

By:  ___*/s/ Joshua Briones*_____
Joshua Briones, (*general admission forthcoming*)
Natalie Prescott, (*general admission forthcoming*)
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
2029 Century Park East, Suite 1370
Los Angeles, California 90067
Telephone: (310) 586-3200
JBriones@Mintz.com
naprescott@Mintz.com

Keith P. Carroll, CT16254
MINTZ LEVIN COHN FERRIS GLOVSKY and POPEO, P.C.
707 Summer Street
Stamford, CT 06901
Telephone:  (203) 388-8464
KPCarroll@mintz.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 6, 2017 a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

<u>*/s/ Keith P. Carroll*</u>
Keith P. Carroll