UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH A. THOMAS MD, LLC, a Connecticut limited liability company, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BARIATRIX NUTRITION, CORP., a Vermont corporation,<br><br>Defendant. | Civil Action No. 3:17-cv-00136 |

## JOINT RULE 26(f) REPORT

Plaintiff Kenneth A. Thomas MD, LLC ("Plaintiff" or "Thomas") and Defendant Bariatrix Nutrition, Corp. ("Defendant" or "Bariatrix") jointly submit this Rule 26(f) Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and this Court's standing order.

**1. Statement of the Case**

Plaintiff's Position: This case is relatively straightforward. Plaintiff alleges on behalf of itself and two classes of similarly situated persons that Defendant Bariatrix Nutrition Corp. ("Bariatrix")—an international seller of supposed weight management solutions—sent it unsolicited fax advertisements. (*See* dkt. 1, Ex. A.) Plaintiff alleges further that neither it, nor any of the class members had a prior relationship with Bariatrix or otherwise consented to receive its fax advertisements, and that Bariatrix failed to comply with applicable opt-notice requirements. Thus, Plaintiff alleges, Bariatrix repeatedly violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), entitling Plaintiff and the class and subclass to damages and injunctive relief.

Defendant generally disclaims liability for its unsolicited fax advertisements. However,

1

it offers no factual basis to suggest, for example, that (i) the faxes at issue—including the one attached to Plaintiff's pleadings—were not sent by or on its behalf, or (ii) that Plaintiff or any other members of the classes actually consented to receive them. Indeed, Defendant's answer and affirmative defenses are generally devoid of any factual assertions. (*See* dkt. 10.)

Defendant also contends (below) that Plaintiff in this case (and plaintiffs more generally, it seems) lacks Article III standing to pursue TCPA claims in federal court.  As that argument goes, Plaintiff's allegations that it received an unsolicited fax advertisement is the sort of "bare procedural violation" of a statute that fails to give rise to standing and further, that failing cannot be overcome by "rely[ing] on claims that receipt of the facsimile somehow made it lose time or money."  A number of issues exist there.

First, Defendant's argument in this regard ignores case law from this District, and controlling case law from the Second Circuit, which makes clear that receipt of unwanted telephone calls or facsimiles in violation of the TCPA "is the type of concrete injury-in-fact that has been upheld by the Second Circuit and U.S. Supreme Court."  *Bell v. Survey Sampling Int'l, LLC*, No. 3:15-CV-1666 (MPS), 2017 WL 1013294, at *3 (D. Conn. Mar. 15, 2017); *see also Leyse v. Lifetime Entm't Servs., LLC*, Nos. 16-cv-1133, 16-cv-1425, 2017 WL 659894, at *1 (2d Cir. Feb. 15, 2017) (citing favorably Eleventh Circuit opinion "holding that injury under [a] similar TCPA provision may be shown by one-minute occupation of fax machine.") (citing *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1252 (11th Cir. 2015)).

Second, Plaintiff alleges more than "it lost time" based on the faxes at issue, whatever that means. For example, Plaintiff alleges that it and the class members "suffered actual damages, including the conversion or loss of paper and toner consumed in the printing of faxes,

the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, as well as increased labor expenses." (Dkt. 1, ¶ 35); *see also Leyse*, 2017 WL 659894, at *1.  Plaintiff also attaches to its pleadings the actual fax that it received from Defendant, which clearly evidences an actual encumbrance of its fax machine as a result of receiving that unsolicited advertisement. (Dkt. 1, Ex. A.)

Third and tellingly, Defendant has answered the complaint, rather than move to dismiss for lack of standing. That's likely because such an approach would be dubious (to put it mildly) in light of controlling case law on these issues.

Defendant's Position:

Defendant denies that it has violated the Telephone Consumer Protection Act ("TCPA"). As an initial matter, Plaintiff's claims should be dismissed because Plaintiff lacks standing to bring any of the claims at issue under *Spokeo, Inc. v. Robins*, No. 13-1339, 578 U.S. ___, 2016 U.S. LEXIS 3046578 (May 16, 2016).  A mere statutory violation is not sufficient for concreteness, and Plaintiff must establish that it has suffered an injury that is *distinct from the TCPA violation*.  *Id.* at 1548-49; *see also Sartin v. EKF Diagnostics, Inc.*, No. 16-1816, 2016 U.S. Dist. LEXIS 86777, at *7 (E.D. La. July 5, 2016) (noting that "junk fax" plaintiffs must allege and prove that a TCPA violation caused distinct, "concrete harm").

Plaintiff cannot rely on claims that receipt of the facsimile somehow made it lose time or money.  *See Romero v. Dep't Stores Nat'l Bank*, No. 15-CV-193, 2016 U.S. Dist. LEXIS 110889 (S.D. Cal. Aug. 5, 2016) ("No reasonable juror could find that one unanswered telephone call could cause lost time, aggravation, distress or any injury sufficient to establish standing."); *Smith v. Aitima Med. Equip., Inc.*, No. 16-00339, 2016 U.S. Dist. LEXIS 113671, at *13 (C.D. Cal. July 29, 2016) (holding that plaintiff lacked standing where an answered telephone call "lasted

for a few seconds [and a]ny . . . aggravation and nuisance, resulting from only one call, is a de minimus injury . . . not sufficient to confer standing.").

Defendant also denies that Plaintiff's case is entitled to class treatment, or that Plaintiff is a proper class representative.  Defendant's investigation is ongoing, and Defendant reserves its rights to rely on additional defenses and facts uncovered in discovery

## 2. Subject Matter Jurisdiction

This is a putative class action brought under the TCPA.  As such, the Parties agree that the Court has original jurisdiction under 28 U.S.C. § 1331.  No issues exist as to personal jurisdiction or venue, and no parties remain to be served.

Plaintiff asserts that the Court also has subject matter jurisdiction under 28 U.S.C. § 1332(d) because this case is a putative class action consisting of over 100 class members who are minimally diverse and whose amounts in controversy, when aggregated, exceed $5,000,000.

## 3. Legal Issues

Plaintiff's Position: For the reasons set out above, Plaintiff disputes that whether it has Article III standing to pursue its TCPA claims can seriously be a point of contention in this case. Beyond that, Plaintiff believes the relevant legal issues in this case will include: (i) whether Bariatrix has sufficient records of consent from the class members to send them fax advertisements; (ii) whether Bariatrix's conduct was willful, such that Plaintiff and the class members are entitled to treble damages; (iii) whether Bariatrix complied with applicable opt-out notice requirements; and (iv) whether the proposed class and subclass satisfy Federal Rule of Civil Procedure 23's requisites to class certification.

Defendant's Position:

Plaintiff lacks standing under Article III, which "requires a concrete and particularized injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, No. 13-1339, 578 U.S. ___, 2016 U.S. LEXIS 3046578 at *7 (May 16, 2016). An injury is concrete only if it "actually exist[s]." *Spokeo*, 2016 U.S. LEXIS 3046578, at *14. For example, when an alleged injury is nothing more than a "bare procedural violation," there may be no cognizable harm to the plaintiff and thus no concreteness. *Id.* at *16. Here, Plaintiff cannot demonstrate that he suffered a concrete injury as a result of the alleged facsimile. Defendant's investigation is ongoing, and Defendant reserves its right to raise additional legal issues at a later date.

**4. Parties, Evidence, etc.**

The parties to this action are Plaintiff Thomas and Defendant Bariatrix.

Plaintiff believes that employees and agents of the parties (and perhaps some third parties) will likely have relevant knowledge and information regarding the claims and defenses in this case. Plaintiff further believes that it will have relevant documentary evidence regarding the facsimile it received from Defendant (e.g., the fax itself and records of its transmission to Plaintiff). Plaintiff further anticipates that Defendant (or third parties) are likely to have relevant information and documents, such as (i) records of Defendant's transmissions of facsimiles to Plaintiff and the class members, (ii) records (if any) of purported consent for Defendant to transmit facsimiles to Plaintiff and the class members, (iii) the equipment used to transmit the facsimiles at issue, and (iv) any agreements and communications with third parties regarding the same. Plaintiff anticipates seeking written and oral discovery with regard to each of these topics.

Defendant believes that Plaintiff will be a key witness, and that key documents will include documents relating to consent or damages. For instance, key documents may include:

Plaintiff's facsimile records and invoices; any other documents describing whether Plaintiff incurs any charges for faxes; documents describing the equipment used to receive the alleged fax; documents or records evidencing consent; documents evidencing Defendant's compliance with the TCPA.  Defendant's investigation is ongoing, and Defendant reserves its rights to identify witnesses and additional documents at a later date

**5. Damages**

Plaintiff seeks actual and statutory damages for Defendant's alleged violations of the TCPA.  Defendant disputes liability and that any damages are warranted.

**6. Insurance**

Defendant has tendered the claim to its carrier and is presently unaware whether it has insurance for this case.

**7. Motions**

<u>Plaintiff's Position:</u>  Plaintiff anticipates filing a motion for class certification, discovery motions (as necessary), and (potentially) a motion for summary judgment.

<u>Defendant's Position:</u>  Defendant anticipates filing a motion for summary judgment on the issues of standing, consent, and damages.

**8. Status of Discovery**

No discovery has begun in this case.

**9. Discovery Plan**

<u>Plaintiff's Position</u>:  Defendant proposes what is essentially a trifurcated discovery schedule, spread out over 15 months, and beginning with the merits of Plaintiff's and the classes' claims before class certification is even considered.  That would seem to be both inefficient and backwards.  For one, proceeding to a ruling on the merits before anything else is considered—

class certification or otherwise—presents one-way intervention issues.  Beyond that, Defendant's proposed schedule seems aimed at disposing of Plaintiff's individual claim.  But that approach is inconsistent with (i) the fact that Defendant has answered rather than moved to dismiss based on a supposed lack of Article III standing or otherwise, (ii) it has offered no factual basis—here, in its answer, or in the parties' discussions—to suggest that Plaintiff (or any other class member, for that matter) consented to receive the faxes at issue, and (iii) that even without a bifurcated (or trifurcated) schedule, it could move for judgment at any point during the case. In other words, bifurcating or trifurcating the discovery and issues as Defendant suggests would only promote inefficiency.

Instead, Plaintiff proposes a schedule whereby class, merits, and expert discovery can all be completed within approximately nine months, as set forth in the chart below:[1]

| EVENT | PROPOSED DEADLINE |
|---|---|
| *Deadline to Exchange Rule 26(a)(1) Initial Disclosures* | May 3, 2017 |
| *Deadline to Complete Fact Discovery (Both Class and Merits)* | November 3, 2017 |
| *Deadline to Disclose Expert Witnesses Relating to Class Certification (if any)* | December 4, 2017 |
| *Deadline to Disclose Rebuttal Expert Witnesses Relating to Class Certification* | January 12, 2018 |
| *Plaintiff's Deadline to File a Motion for Class Certification* | February 16, 2018 (*If no experts disclosed: January 12, 2018*) |

---

[1]     Again, Plaintiff would not object to Defendant's filing of a motion for summary judgment at any point during this proposed schedule, should it determine to do so. Plaintiff is of course also willing to agree now on an appropriate briefing schedule for such a motion.

| | |
|---|---|
| *Defendant's Deadline to File an Opposition to Plaintiff's Motion for Class Certification* | 35-days after motion for class certification filed. |
| *Plaintiff's Deadline to File a Reply in Support of Class Certification* | 21-days after opposition to class certification file. |
| *Remaining Deadlines through Trial* | TBD following ruling on motion for class certification. |

Defendant's Position:

Defendant disagrees with the schedule proposed by Plaintiff as it is burdensome, premature, and does not afford Defendant sufficient time to conduct necessary investigation. Defendant requests that discovery be bifurcated, with merits discovery proceeding for an initial 6 months, class discovery proceeding for the following 6 months, and expert discovery proceeding for 3 months thereafter.  Bifurcation of discovery is commonplace, is within the court's discretion, and promotes efficient resolution of disputes. *E.g.*, *Nook Indus. v. Barnes & Noble, Inc.*, No. 1:10-cv-265, 2011 U.S. Dist. LEXIS 15900, at *3 (N.D. Ohio Feb. 7, 2011) ("It is well-established . . . that the decision whether to bifurcate discovery lies within the sound discretion of the trial court.") (citation and quotations omitted).  Federal rules were designed to promote "the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.

Here, the court "has broad discretion" to bifurcate discovery. *See Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, Civil Action No. 12-2132 (FLW), 2014 U.S. Dist. LEXIS 13523, at *10-11 (D.N.J. Feb. 4, 2014) (citations omitted); *see also Nook Indus.*, 2011 U.S. Dist. LEXIS 15900, at *3; Fed. R. Civ. Proc. 42(b).  The relief that Bariatrix requests is not novel, and other courts faced with similar situations have bifurcated discovery where "a narrow, potentially dispositive issue exist[ed] concerning" whether "the faxes sent to Plaintiffs" were

"not actionable under the TCPA." *See Physicians Healthsource, Inc.*, 2014 U.S. Dist. LEXIS 13523, at * 15.  As the *Physicians Healthsource, Inc.* court recognized, standing under the TCPA is "totally distinct from class issues," and bifurcation can "save the parties and the Court from the substantial costs and burdens associated with whole class action discovery."  *Id.* at 12 (granting the defendant's motion to bifurcate discovery and limiting discovery in the first phase); *see also Leschinsky v. Inter-Cont'l Hotels Corp.*, No. 8:15-cv-1470-T-30MAP, 2015 U.S. Dist. LEXIS 140535, at *4-5 (M.D. Fla. Oct. 15, 2015) (granting a motion to bifurcate discovery in a TCPA case upon finding that "Defendants' arguments in favor of a bifurcated discovery process are well-taken" where "Defendants have presented evidence suggesting that . . . [the] TCPA claims are without merit as a matter of law").  The same reasoning applies here.

Opening discovery to all class action issues at this stage of the litigation would impose significant costs and burden on the parties, witnesses, and the Court.  *See Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, No. 11-00011, 2013 U.S. Dist. LEXIS 23973, at *13 (D.N.J. Feb. 20, 2013) (It is common knowledge that class actions can result in "hefty litigation expenses and an extensive use of judicial resources.").  Absent judicial intervention, discovery costs can be especially "enormous" for a defendant like Bariatrix.  *See id.*

Defendant does not object to a case management conference following a ruling on class certification but contends that it should be allowed to file a dispositive motion before Plaintiff moves for class certification.  Defendant intends to depose Plaintiff.  Defendant's written discovery will consist of interrogatories, requests for production, and requests for admission. Defendant anticipates taking discovery on the following subjects:

(1) Consent.

(2) The number of facsimiles Plaintiff claims to have received.

(3)  Whether Plaintiff suffered any damages.

## 10. Discovery Cut-off

Defendant's position is that discovery cutoff should occur no earlier than July 15, 2018.

## 11. Expert Discovery

It is presently unclear whether parties will designate any expert witnesses in this case.

## 12. Dispositive Motions

Plaintiff anticipates filing a motion for summary judgment following a ruling on class certification.

Defendant anticipates filing a motion for summary judgment on the issues of standing, consent, and damages.  Defendant reserves the right to file dispositive motions on additional bases uncovered during discovery.

## 13. Settlement/Alternative Dispute Resolution (ADR)

The Parties are both amenable to participating in private mediation or other forms of ADR.

## 14. Trial Estimate

The Parties anticipate that a jury trial in this case will take 2-3 days if the case proceeds on an individual basis or 9-12 days if the case proceeds as a class action.  Defendant anticipates calling 3-6 witnesses in an individual case and up to 20 witnesses if the case is certified as a class action.  Plaintiff believes that estimate is reasonable, but that the Parties will, of course, have a clearer picture of the number of necessary witnesses following discovery.

## 15. Independent Expert or Master

The Parties do not believe this is a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

## 16. Other Issues

The Parties are not aware of any other matters at this time.

Date:  April 20, 2017

Respectfully submitted,

**BARIATRIX NUTRITION, CORP.**

By:     */s/ Natalie A. Prescott*
Joshua Briones, (*pro hac vice forthcoming)*
Natalie A. Prescott, *(pro hac vice forthcoming)*
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
2029 Century Park East, Suite 1370
Los Angeles, California 90067
Telephone: (310) 586-3200
JBriones@Mintz.com
NAPrescott@Mintz.com

Keith P. Carroll, CT16254
MINTZ LEVIN COHN FERRIS GLOVSKY and POPEO, P.C.
707 Summer Street
Stamford, CT 06901
Telephone:  (203) 388-8464
KPCarroll@mintz.com

**KENNETH A. THOMAS MD, LLC**, individually and on behalf of all others similarly situated,

By:     /s/ *Jonathan M. Shapiro*
        One of Plaintiff's Attorneys
Jonathan M. Shapiro (ct24075)
Shapiro Law Offices, LLC
32 Washington Street
Middletown, Connecticut 06457
*t* (860) 347-3325 | *f* (860) 347-3874

Stamford Office:
1 Stamford Plaza
263 Tresser Blvd., 9th Floor
Stamford, Connecticut 06901
*t* (203) 564-1520

Benjamin H. Richman (*pro hac vice* forthcoming)
brichman@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370/ Fax: 312.589.6378

-11-

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2017 a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/  Keith P. Carroll*

68337491v.3