UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH A. THOMAS MD, LLC, a Connecticut limited liability company, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>BARIATRIX NUTRITION, CORP., a Vermont corporation,<br>      Defendant. | Civil Action No.  3:17-cv-00136<br><br>Honorable Robert N. Chatigny |

**PARTIES' JOINT STATUS REPORT REGARDING
CLASS DISCOVERY AND RELATED ISSUES**

  Plaintiff Kenneth A. Thomas MD, LLC ("Plaintiff" or "Thomas") and Defendant Bariatrix Nutrition, Corp. ("Defendant" or "Bariatrix"), following the Rule 16 conference in this matter and pursuant to the Court's order, hereby jointly submit this further Joint Status Report Regarding Class Discovery and Related Issues. In support of their respective positions the Parties state as follows, and provide the below proposal for the immediate next steps in this matter.

1. **Statement of the Case and Relevant Legal Issues at this Stage:**

  <u>Plaintiff's Position</u>: As previously explained in the Parties' initial status report, Plaintiff believes this case is relatively straightforward. Plaintiff alleges on behalf of itself and two classes of similarly situated persons that Defendant Bariatrix Nutrition Corp. ("Bariatrix")—an international seller of supposed weight management solutions—sent it unsolicited fax advertisements. (*See* dkt. 1, Ex. A.) Plaintiff alleges further that neither it nor any of the class members had a prior relationship with Bariatrix or otherwise consented to receive its fax advertisements, and that Bariatrix failed to comply with applicable opt-notice requirements. Thus, Plaintiff alleges, Bariatrix repeatedly violated the Telephone Consumer Protection Act, 47

U.S.C. § 227 ("TCPA"), entitling Plaintiff and the class and subclass to damages and injunctive relief.

Defendant generally disclaims liability for its unsolicited fax advertisements. However, it offers no factual basis (now or in the previous status report) to suggest, for example, that (i) the faxes at issue—including the one attached to Plaintiff's pleadings—were not sent by or on its behalf, or (ii) that Plaintiff or any other members of the classes actually consented to receive them. Indeed, Defendant's answer and affirmative defenses are generally devoid of any factual assertions. (*See* dkt. 10.)

Defendant also contends (below) that Plaintiff in this case (and plaintiffs more generally, it seems) lacks Article III standing to pursue TCPA claims in federal court. As that argument goes, Plaintiff's allegations that it received an unsolicited fax advertisement is the sort of "bare procedural violation" of a statute that fails to give rise to standing and further, that failing cannot be overcome by "rely[ing] on claims that receipt of the facsimile somehow made it lose time or money." A number of issues exist there.

First, Defendant's argument in this regard ignores case law from this District, and controlling case law from the Second Circuit, which makes clear that receipt of unwanted telephone calls or facsimiles in violation of the TCPA "is the type of concrete injury-in-fact that has been upheld by the Second Circuit and U.S. Supreme Court." *Bell v. Survey Sampling Int'l, LLC*, No. 3:15-CV-1666 (MPS), 2017 WL 1013294, at *3 (D. Conn. Mar. 15, 2017); *see also Leyse v. Lifetime Entm't Servs., LLC*, Nos. 16-cv-1133, 16-cv-1425, 2017 WL 659894, at *1 (2d Cir. Feb. 15, 2017) (citing favorably Eleventh Circuit opinion "holding that injury under [a] similar TCPA provision may be shown by one-minute occupation of fax machine.") (citing *Palm*

*Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1252 (11th Cir. 2015)).

Second, Plaintiff alleges more than "it lost time" based on the faxes at issue. For example, Plaintiff alleges that it and the class members "suffered actual damages, including the conversion or loss of paper and toner consumed in the printing of faxes, the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, as well as increased labor expenses." (Dkt. 1, ¶ 35); *see also Leyse*, 2017 WL 659894, at *1. Plaintiff also attaches to its pleadings the actual fax that it received from Defendant, which clearly evidences an actual encumbrance of its fax machine as a result of receiving that unsolicited advertisement. (Dkt. 1, Ex. A.)

Third and tellingly, Defendant has answered the complaint, rather than move to dismiss for lack of standing. That's likely because such an approach would be dubious (to put it mildly) in light of controlling case law on these issues.

Finally, Defendant now contends that one of the key issues in this case will be whether the proposed class is ascertainable. Defendant does not contend that it lacks records of the faxes at issue being sent altogether, but rather, that the records it has are incomplete—e.g., it has a list of the intended recipients of the faxes, invoices identifying certain transmissions of faxes having been sent, and records suggesting that other planned transmissions were canceled. In addition, the door remains open that certain third parties might have additional records identifying exactly to whom and what numbers the faxes were ultimately sent. In any event, as explained further below, the Parties have discussed a protocol for exchanging the information that is currently available and conferring regarding next steps (if any) after that.

*   *   *

Defendant's Position: Defendant denies that Plaintiff's case is entitled to class treatment, or that Plaintiff is a proper class representative.  The Second Circuit has recognized that Rule 23 contains an implicit threshold 'ascertainability' requirement in that the members of a proposed class must be readily identifiable. *See Brecher v. Republic of Argentina*, 806 F.3d 22, 24 (2d Cir. 2015) ("Like our sister Circuits, we have recognized an 'implied requirement of ascertainability' in Rule 23."); *see also Kaye v. Amicus Mediation & Arbitration Grp., Inc.*, 300 F.R.D. 67, 77-78 (D. Conn. 2014) (citations and quotations omitted) ("Implied in Rule 23 is a requirement that there be a 'class.' . . . Although class members need not be ascertained prior to certification, membership for a Rule 23(b)(3) class must be ascertainable at some point.").  It must be "administratively feasible for the [c]ourt to determine whether a particular individual is a member of the proposed class." *Mike v. Safeco Ins. Co. of Am.*, 223 F.R.D. 50, 53 (D. Conn. 2004).  "An identifiable class exists if its members can be ascertained by reference to objective criteria." *Kaye*, 300 F.R.D. at 24 (citations and quotations omitted).  Here, Defendant's initial investigation revealed that the class is not ascertainable.  Defendant is prepared to provide the requisite evidence of this fact to Plaintiff.  If Plaintiff chooses to move for class certification, notwithstanding this evidence, Defendant will vigorously oppose certification.

Defendant's position is that this class is not ascertainable, as it is impossible to determine which class members actually received facsimiles from Defendant during the proposed class period.  Ascertainability has two requisite elements:  (1) "the class must be defined with reference to objective criteria"; and (2) "there must be a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 355 (3d Cir. 2013).  Where, as here, "class members are impossible to identify without extensive and individualized fact-finding or 'mini-

trials,' then a class action is inappropriate." *Marcus v. BMW of N. Am.*, LLC, 687 F.3d 583, 593 (3d Cir. 2012); *see also Crosby v. Soc. Sec. Admin.*, 796 F.2d 576, 580 (1st Cir. 1986) (denying certification because "class members [were] impossible to identify prior to individualized fact-finding and litigation"); *Carrera v. Bayer Corp.*, 727 F.3d 300, 304 (3d Cir. 2013) (finding a class not ascertainable because the only way to identify members was records of sales made or "by affidavits of class members").

Defendant further denies that it has violated the Telephone Consumer Protection Act ("TCPA"). Plaintiff's claims should be dismissed as a matter of law because Plaintiff lacks standing to bring any of the claims at issue under *Spokeo, Inc. v. Robins*, No. 13-1339, 578 U.S. \_\_\_, 2016 U.S. LEXIS 3046578 (May 16, 2016). A mere statutory violation is not sufficient for concreteness, and Plaintiff must establish that it has suffered an injury that is distinct from the TCPA violation. *Id.* at 1548-49; *see also Sartin v. EKF Diagnostics, Inc.*, No. 16-1816, 2016 U.S. Dist. LEXIS 86777, at *7 (E.D. La. July 5, 2016) (noting that "junk fax" plaintiffs must allege and prove that a TCPA violation caused distinct, "concrete harm"). Plaintiff cannot rely on claims that receipt of the facsimile somehow made it lose time or money. *See Romero v. Dep't Stores Nat'l Bank*, No. 15-CV-193, 2016 U.S. Dist. LEXIS 110889 (S.D. Cal. Aug. 5, 2016) ("No reasonable juror could find that one unanswered telephone call could cause lost time, aggravation, distress or any injury sufficient to establish standing."); *Smith v. Aitima Med. Equip., Inc.*, No. 16-00339, 2016 U.S. Dist. LEXIS 113671, at *13 (C.D. Cal. July 29, 2016) (holding that plaintiff lacked standing where an answered telephone call "lasted for a few seconds [and a]ny . . . aggravation and nuisance, resulting from only one call, is a de minimus injury . . . not sufficient to confer standing."). An injury is concrete only if it "actually exist[s]." *Spokeo*, 2016 U.S. LEXIS 3046578, at *14. For example, when an alleged injury is nothing

more than a "bare procedural violation," there may be no cognizable harm to the plaintiff and thus no concreteness. *Id.* at *16. Here, Plaintiff cannot demonstrate that it suffered a concrete injury as a result of the alleged facsimile. Defendant's investigation is ongoing, and Defendant reserves its right to raise additional legal issues at a later date and to bring a summary judgment motion after the certification issues are resolved.

If appropriate, Defendant, therefore, reserves the right to bring a summary judgment motion to address the issue of standing and other issues. Defendant's investigation is ongoing, and Defendant reserves its rights to rely on additional defenses and facts uncovered in discovery. However, Defendant believes that discovery and dispositive motion practice are unnecessary at this time because this class is not ascertainable, and it should either proceed as an individual action, or the Court should adjudicate the issue of class certification before allowing discovery and other motions.

**2.     Parties' Proposed Discovery Plan:**

With all of that in mind, the Parties propose the following:

1. Defendant will produce to Plaintiff all relevant information and other documents regarding the ascertainability (or lack thereof) of the class no later than **June 19, 2017**.

2. The Parties will confer regarding Defendant's production and any questions Plaintiff may have regarding the same no later than **July 7, 2017**.

3. In lieu of the previously ordered joint status report due on June 14, 2017, the Parties will submit to the Court a further joint status report laying out their respective positions on Defendant's production and next steps in the case (if any) no later than **July 14, 2017**.

\*            \*            \*

Date:  June 5, 2017

        Respectfully submitted,

        **BARIATRIX NUTRITION, CORP.**

        By:  */s/ Natalie A. Prescott*
Joshua Briones, (*pro hac vice forthcoming*)
Natalie A. Prescott, *(pro hac vice)*
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
2029 Century Park East, Suite 1370
Los Angeles, California 90067
Telephone: (310) 586-3200
JBriones@Mintz.com
NAPrescott@Mintz.com

Keith P. Carroll, CT16254
MINTZ LEVIN COHN FERRIS GLOVSKY and POPEO, P.C.
707 Summer Street
Stamford, CT 06901
Telephone:  (203) 388-8464
KPCarroll@mintz.com


**KENNETH A. THOMAS MD, LLC**, individually and on behalf of all others similarly situated,

By: /s/ Benjamin H. Richman
      One of Plaintiff's Attorneys

Benjamin H. Richman (*pro hac vice*)
brichman@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Jonathan M. Shapiro (ct24075)
Attorney at Law
Shapiro Law Offices, LLC
32 Washington Street
Middletown, Connecticut 06457
*t* (860) 347-3325 | *f* (860) 347-3874

Stamford Office:
1 Stamford Plaza
263 Tresser Blvd., 9th Floor
Stamford, Connecticut 06901
*t* (203) 564-1520

**CERTIFICATE OF SERVICE**

    I, Benjamin H. Richman, an attorney, hereby certify that on June 5, 2017, I served the above and foregoing *Parties' Joint Status Report Regarding Class Discovery and Related Issues* by causing a true and accurate copy of the same to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this the 5th day of June, 2017.

                                                                           /s/ Benjamin H. Richman